**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

SIDNEY ARNOLD                                              CIVIL ACTION

VERSUS                                                     17-344-SDD-RLB

DEPUTY STEVEN WILLIAMS

## RULING

Before the Court is a *Motion to Dismiss*[1] urged by the Defendant, Steven Williams. The Motion is opposed.[2]

## I.     FACTUAL BACKGROUND

Plaintiff, Sidney Arnold ("Arnold") brings civil rights claims, pursuant to 42 USC 1983, and a state law negligence and intentional infliction of emotional distress claims against East Baton Rouge Sherriff Deputy Steven Williams ("Williams") in his individual capacity. Plaintiff alleges that at all relevant times Deputy Williams was in the course and scope of employment and acting in his capacity as a deputy or officer with the East Baton Rouge Parish Sheriff's Office.[3]

Arnold alleges that he was residing in a garage apartment on the premises of a homeowner for whom he was doing home repair work. Upon hearing "someone at his door, [Arnold] got out of bed and went to the door, opened it and saw a police officer".[4] Plaintiff alleges that "[t]he officer had come under the carport of the home where [Plaintiff]

---

[1] Rec. Doc. 16.
[2] Rec. Doc. 25.
[3] Rec. Doc. 1, ¶ 4.
[4] Rec. Doc. 1, ¶ 9.

1

was then residing" and upon hearing someone, Arnold "stepped out of his apartment to go look at where the police officer was pointing.[5] The officer asked Plaintiff for his name and driver's license. Arnold advised officer of his name but told officer he had no driver's license.[6] The officer asked Arnold to come "out to the police car". He refused and instead commenced to awaken the homeowner by knocking on her window. Plaintiff alleges that the homeowner came outside, identified him and told the officer "that he and his brother were working, living in the garage apartment and that they had a right to be there."[7] Plaintiff alleges that the officer then "reached to grab" him and he ran.[8] The officer gave chase, Arnold climbed over a fence in the backyard and fell and dislocated his shoulder. Arnold was taken to Lane Memorial Hospital, and according to his Complaint "woke up in jail."

## II.   LAW AND ANALYSIS

### A.  Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[9] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[11] In *Twombly*, the United States Supreme

---

[5] Rec. Doc. 1, ¶¶ 8, 10.
[6] Rec. Doc. 1, ¶ 11.
[7] Rec. Doc. 1, ¶ 13.
[8] Rec. Doc. 1, ¶ 14.
[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[10] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] Notably, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"[13] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[16] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[17] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[18]

On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

---

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter "*Twombly*").
[13] *Id.*
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[15] *Twombly*, 550 U.S. at 570.
[16] *Iqbal*, 556 U.S. at 678.
[17] *Taha v. William Marsh Rice Univ*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions,* 365 F.3d 353, 361 (5th Cir. 2004)).
[18] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

entitlement of relief."[19] "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'"[20]

### B. 42 USC 1983

Section 1983 provides a cause of action for persons who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by the actions of a person or entity operating under color of state law.[21] "Section 1983 does not create any substantive rights, but is merely a vehicle whereby a plaintiff can challenge actions by governmental officials."[22] In order to establish a Section 1983 violation, the plaintiff must demonstrate the following two elements: "first, that [he was] deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred under color of state law."[23] Therefore, the initial inquiry in a lawsuit brought under § 1983 is "whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983."[24]

### C. Fourth Amendment Claims

In this case, Plaintiff alleges that Deputy Williams, acting under the color of state law, violated the Plaintiff's Constitutional right, secured under Fourth Amendment, to be free from unreasonable search and seizure. Defendant submits that the Plaintiff concedes dismissal of his Fourth Amendment claims by failing to oppose the Defendant's Motion to

---

[19] *Id.* at 664.
[20] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011)(quoting *Iqbal*, 556 U.S. 662, at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[21] 42 U.S.C. § 1983 (West) (2013).
[22] *DeVille v. Regional Transit Authority*, No. 07-1345, 2008 WL 200020 at *4 (E.D. La. Jan. 22, 2008).
[23] *Dow v. Rains County Independent School Dist.*, 66 F.3d 1402, at 1407 (5th Cir. 1995).
[24] *Sheppard v. Hawkins*, No. 2:12-cv-0307, 2012 WL 6020037 at *2 (W.D.La. Nov. 9, 2012).

4

Dismiss on this claim. In his *Opposition*, Plaintiff cites Fourth Amendment jurisprudence but fails to address the Defendants argument that his Complaint fails to articulate facts in support of his claim. In the Fifth Circuit, arguments not raised in opposition to a motion are waived.[25] Nonetheless, since the Plaintiff addresses the Fourth Amendment in his opposition brief, albeit by mere recitation of law, the Court will treat the Motion as opposed on this point.

The Fourth Amendment, which applies to the states through the Fourteenth Amendment,[26] protects citizens from unreasonable searches and seizures. It provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." There are no allegations of a warrant search or arrest, hence the Court analyzes the actions taken as warrantless.

    i. <u>Fourth Amendment Search</u>

The Complaint contains no allegations regarding a search, other than general conclusory references to search.[27] The Complaint is insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[28] Accordingly, the Plaintiff's claims of an unconstitutional search shall be dismissed with prejudice.

---

[25] *See Texas Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005)(citing *Norton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir. 2004).
[26] *Mapp v. Ohio,* 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
[27] "Actions taken related to the stop, seizure and search were objectively unreasonable". Rec. Doc. 1 ¶28
[28] *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted).

### ii. Fourth Amendment Seizure

As to allegations of an unconstitutional seizure, again the Complaint sets forth only conclusory allegations that the Plaintiff was "arrested and jailed" without supplying any factual underpinnings for his claim of an unconstitutional seizure.

"To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that he was seized. Next [Plaintiff] must show that [he] suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."[29]

An officer seizes a person when he, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen."[30] In addition, the "governmental termination of freedom of movement" must be made "*through means intentionally applied.*"[31]

The only factual allegations concerning an alleged seizure are:

The police officer . . . reached to grab Sidney Arnold and Sidney Arnold ran.[32]

Sidney Arnold then ran and Deputy Steven Williams chased him into the back yard. Sidney Arnold was chased into a fence in the back yard, that he climbed over fell dislocated his shoulder.[33]

---

[29] *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)(internal citations omitted).
[30] *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)
[31] *Brower v. County of Inyo,* 489 U.S. 593, 596–97, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (emphasis original).
[32] Rec. Doc. 1, ¶ 14.
[33] Rec. Doc. 1, ¶ 15.

The Complaint follows with conclusory allegations that "Williams knew he lacked cause to stop, search or arrest,"[34] and that "[a]ctions taken related to the stop, seizure and search were objectively unreasonable."[35]

The Court finds that the allegation that the officer "reached to grab" Plaintiff falls short of pleading a "governmental termination of freedom of movement" made "through means intentionally applied."[36] Furthermore, even if the alleged "reach to grab" is sufficient to constitute "physical force or show of authority,"[37] there is no allegation that this restrained Plaintiff's liberty. There is no allegation that the officer made contact with the Plaintiff in any way. Merely reaching to grab the Plaintiff is not an excessive use of force. The Plaintiff ran, scaled a fence and fell injuring himself. By these facts, the Plaintiff's injury did not result "directly and only from the use of force that was excessive."[38]

The Plaintiff fails to state a facially plausible claim of an unconstitutional seizure. As pled, the Complaint does not enable the Court to "infer more than the mere possibility of misconduct."[39] Accordingly, Plaintiff's § 1983 Fourth Amendment claim shall be dismissed. Mindful of the Fifth Circuit's guidance "to allow a plaintiff initially failing to state a claim the opportunity to amend or supplement the pleadings freely, so that he may state his best case. Where the plaintiff has filed only one pleading . . . immediate dismissal ordinarily is not justified.[40] Plaintiff will be permitted leave to amend.

---

[34] Rec. Doc. 1, ¶ 26.
[35] Rec. Doc. 1, ¶ 28.
[36] Note 35, supra.
[37] Note 34, supra.
[38] Note 33, supra.
[39] Note 18, supra.
[40] *Wicks v. Mississippi State Employment Services,* 41 F.3d 991, 997 (5th Cir. 1995).

7

**D. False Arrest/False Imprisonment Claim**

"To ultimately prevail on his section 1983 false arrest/false imprisonment claim, [Plaintiff] must show that Williams did not have probable cause to arrest him."[41] "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'"[42]

Defendants' Motion to Dismiss asserts that the allegations of the Complaint are insufficient to meet the "heightened" pleading requirement necessary to overcome a defense of qualified immunity available Williams.[43] "To survive a motion to dismiss in cases where the qualified immunity defense is raised, a plaintiff must state facts, which if proven, would defeat the defense."[44] Plaintiff makes the conclusory allegation that Williams "knew there was no basis for any arrest or conviction for any underlying crime."[45] Defendant counters that "[f]light from an officer is suspicious and could have provided reasonable suspicion to Defendant that Plaintiff was engaged in criminal behavior."[46] "Williams is entitled to qualified immunity if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which Williams was aware, there was a fair probability that [Plaintiff] had committed or was committing an

---

[41] *Haggerty v. Texas Southern University*, 391 F.3d 653, 655–56 (5th Cir. 2004), citing *Brown v. Lyford,* 243 F.3d 185, 189 (5th Cir.2001).
[42] *Id.* citing *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir.2001).
[43] Rec. Doc. 16-1.
[44] *Babb v. Dorman*, 33 F.3d 472, 475 (5th Cir. 1994) citing *Jacquez v. Procunier,* 801 F.2d 789 (5th Cir.1986); *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985).
[45] Rec. Doc. 1, ¶ 29.
[46] Rec. Doc. 16-1.

offense."⁴⁷ "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."⁴⁸

Considering the qualified immunity defense, the sparse and conclusory factual allegations are insufficient to state a claim for false arrest/imprisonment. However, the Court will allow Plaintiff leave to amend his claim of false arrest/imprisonment. As noted by the Fifth Circuit:

> We are aware that by requiring heightened pleading before discovery some plaintiffs will be unable to state a claim. But, as noted in the concurring opinion in *Elliott,* the "denial of some meritorious claims is the direct product of the immunity doctrine which weighed these losses when it struck the policy balance." The seeming unfairness of this conclusion is tempered by this circuit's directives to allow a plaintiff initially failing to state a claim the opportunity to amend or supplement the pleadings freely, so that he may state his best case. Where the plaintiff has filed only one pleading . . . immediate dismissal ordinarily is not justified.⁴⁹

### E. Malicious Prosecution

Arnold also alleges a claim for malicious prosecution under 42 USC 1983. Defendants urge dismissal on the grounds that "[t]here is no freestanding constitutional right to be free from malicious prosecution."⁵⁰ Plaintiff counters that "Section 1983 provides a federal cause of action. . .for constitutional violations [but] the substantive law of the state determines the elements of the offense."⁵¹ Plaintiff erroneously cites *Spriggs v Wiley*⁵² which does not support the argument made. In the context of a false arrest claim, not a claim of malicious prosecution, *Spriggs v Wiley* held that "Section 1983

---

⁴⁷ *Haggerty v. Texas Southern University*, 391 F.3d at 655–56 (5ᵗʰ Cir. 2004).
⁴⁸ *Id.* citing *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir.2000); *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987).
⁴⁹ *Wicks* 41 F.3d at 997.
⁵⁰ Rec. Doc. 16-1 citing *Castellano v. Fragozo,* 352 F.3d 939, 942, 945 (5th Cir. 2003).
⁵¹ Rec. Doc. 21.
⁵² No. 11-316-JJB, 2012 WL 1143842 (M.D. La. April 4, 2012).

provides a federal cause of action, but it looks to state law to determine the *limitations period* applicable for personal injury torts."[53]

The Defendants are correct. "'[M]alicious prosecution' standing alone is no violation of the United States Constitution[;] ... to proceed under [Section 1983] such a claim must rest upon a denial of rights secured under federal and not state law."[54] "A claim for malicious prosecution brought under Section 1983 must be judged against the strictures of the Fourth Amendment."[55]

> [I]t must be shown that the officials violated specific constitutional rights in connection with a "malicious prosecution." For example, "the initiation of criminal charges without probable cause may set in force events that run afoul of the ... Fourth Amendment if the accused is seized and arrested ... or other constitutionally secured rights if a case is further pursued." However, these "are not claims for malicious prosecution." Accordingly, plaintiffs' claim under § 1983 for "malicious prosecution" in respect to the May 2006 arrest is not independently cognizable.[56]

For the reasons articulated and well settled in this Circuit, Plaintiff has failed to state a constitutional claim for malicious prosecution. Inasmuch as the Plaintiff shall be granted leave to amend to state a claim under the Fourth Amendment, if he can, the Plaintiff's malicious prosecution under § 1983 is dismissed without prejudice, and he will be granted leave to amend his complaint to state a claim upon which relief can be granted.

### F. Substantive Due Process Claims

Plaintiff claims that Deputy Williams's alleged failure to act on the basis of probable cause is a violation of procedural and substantive due process under the Fifth and

---

[53] *Id.* at *3, citing *Wallace v. Kato,* 549 U.S. 384, 387 (2007) (emphasis added).
[54] *Laird v. State Farm Fire and Casualty Company*, No. 16-707-JWD-RLB, 2017 WL 2239578, at *8 (M.D.La., May 22, 2017), citing *Castellano v. Fragozo,* 352 F.3d 939, 942, 945 (5th Cir. 2003).
[55] *Id.*
[56] *Id.*

Fourteenth Amendments.[57] Defendant argues that Plaintiff's Fifth Amendment claim must be dismissed because "the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government as in the present case".[58] This is a correct statement of the law. Accordingly, the Plaintiff's Fifth Amendment due process claims are dismissed with prejudice.

To the extent the Plaintiff attempts to assert a substantive due process claim under the Fourteenth Amendment, that claim is also dismissed with prejudice. "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" [59] In this case the Fourth Amendment provides the "explicit textual source of constitutional protection"; accordingly, the Fourteenth Amendment substantive due process claim shall be dismissed with prejudice.

**G. State Law Claims**

  i. <u>Negligence</u>

Plaintiff claims that Deputy Williams was negligent as a matter of state law because he "knew or should have known that chasing a man in the dark could result serious personal injury."[60] Defendant moves dismissal arguing that he did not breach a duty to Plaintiff and Plaintiff's injury was not caused by the Defendant's acts. Breach and causation are fact bound determinations inappropriate for resolution at the pleading

---

[57] Rec. Doc. 1, ¶35
[58] *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir.1996)
[59] *Albright v. Oliver*, 510 U.S. 266, 273 (1994) citing *Graham v. Connor,* 490 U.S. 386, 395 (1989).
[60] Rec. Doc. 1, ¶ 38

stage. The Defendants' Motion to dismiss the state law negligence claims shall be Denied.

  ii. <u>Intentional Infliction of Emotional Distress</u>

The Plaintiff's claim of intentional infliction of emotional distress shall be dismissed with prejudice. The Plaintiff fails to allege any factual support for the allegation. Plaintiff's complaint sets forth no allegations of conduct "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[61]

## III. CONCLUSION

The Defendant, Steven Williams, Rule 12(b)6) *Motion to Dismiss* (Rec. Doc. 16) is GRANTED in part and DENIED in part, as follows.

The *Motion to Dismiss* (Rec. Doc. 16) is GRANTED in the following respects:

The Plaintiff's Fourth Amendment claim of unconstitutional search is DISMISSED with prejudice;

The Plaintiff's Fourth Amendment claims of unconstitutional seizure and false arrest/false imprisonment are DISMISSED without prejudice to the filing of a Motion for leave to amend;

The Plaintiff's claim of malicious prosecution is DISMISSED without prejudice to the filing of a Motion for leave to amend;

The Plaintiffs Fifth and Fourteenth Amendment Due Process are DISMISSED with prejudice;

---

[61] *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991).

The Plaintiff's state law claim of intentional infliction of emotional distress is DISMISSED with prejudice.

The *Motion to Dismiss* (Rec. Doc. 16) is DENIED as to the state law negligence claim.

Signed in Baton Rouge, Louisiana on <u>November 15, 2017</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**