**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SIDNEY ARNOLD | CIVIL ACTION |
| VERSUS | 17-344-SDD-RLB |
| DEPUTY STEVEN WILLIAMS | |

### **RULING**

Before the Court is the *Motion for Summary Judgment*[1] filed by Defendant, Deputy Steven Williams ("Deputy Williams"). Plaintiff Sidney Arnold ("Arnold") filed an *Opposition*,[2] to which Williams filed a *Reply*.[3] Also before the Court are two procedural motions filed by Arnold: his *Motion to Strike RD 44-6*[4] and his *Motion to Supplement Opposition to Motion for Summary Judgment*.[5] Both motions are opposed.[6] For the reasons that follow, the Court finds that both procedural motions should be denied, and Williams' *Motion for Summary Judgment*[7] should be granted.

### I. PROCEDURAL BACKGROUND

This suit arises out a March 8, 2017 encounter between Deputy Steven Williams and Sidney Arnold at a residence on Ruston Drive in Baker, Louisiana, where Arnold was living temporarily while he performed repair work after the flood of August 2016. In its

---

[1] Rec. Doc. No. 44.
[2] Rec. Doc. No. 46.
[3] Rec. Doc. No. 60.
[4] Rec. Doc. No. 48.
[5] Rec. Doc. No. 49.
[6] Rec. Doc. No. 54; Rec. Doc. No. 50.
[7] Rec. Doc. No. 44.
52016

previous *Ruling* on Deputy Williams' *Motion to Dismiss,* this Court dismissed Arnold's claims brought under 42 U.S.C. § 1983, his substantive due process claims, and his claim for intentional infliction of emotional distress.[8] Arnold was granted leave to amend his *Complaint* with respect to the § 1983 claims; he did not do so. Therefore, the only claim remaining for summary judgment is the state law negligence claim, which this Court declined to dismiss in its previous *Ruling* in light of the fact-intensive nature of the negligence analysis and the Court's obligation to accept the Plaintiff's allegations as true at the 12(b)(6) stage.

### A. *Motion to Strike RD 44-6*

Record Document 44-6 is a certified copy of Sidney Arnold's booking records, produced by the East Baton Rouge Parish Sheriff's Office.[9] The booking records were attached as Exhibit 4 to Deputy Williams' *Motion for Summary Judgment*. Arnold moves to strike the records, arguing that "no affidavit has been offered with it certifying it."[10]

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." The decision to grant or deny a motion to strike lies within the sound discretion of the trial court.[11] However, motions to strike are disfavored and should be used "sparingly" because they are a "drastic remedy to be resorted to only when required for the purposes of justice."[12]

---

[8] Rec. Doc. No. 26, p. 12.
[9] Rec. Doc. No. 44-6.
[10] Rec. Doc. No. 48-2, p. 1.
[11] *Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 852 (E.D. La. 2011), reconsideration granted in part on other grounds, 2012 WL 1230736 (E.D. La. Apr. 12, 2012).
[12] *Id.*

52016

A motion to strike should be granted only when the challenged allegations are "prejudicial to the defendant or immaterial to the lawsuit."[13]

Federal Rule of Civil Procedure 56(c)(2) provides that when a party offers evidence at the summary judgment stage that is not in admissible form, the opposing party can object by stating that the document "cannot be presented in a form that would be admissible in evidence." Arnold has not made that argument, and, given that the booking records are in certified form, this Court finds it unlikely that such an argument would succeed. This Court and other courts in the Fifth Circuit have routinely denied motions to strike where the proponent of the challenged documents demonstrates that the documents *could* be put into a form that would be admissible at trial.[14] For his part, Deputy Williams avers that, if necessary, he "could call a records custodian to testify as to the authenticity of these booking records."[15] For these reasons, the *Motion to Strike* shall be denied.[16]

### B. *Motion to Supplement Opposition to Motion for Summary Judgment*[17]

Plaintiff moves to supplement his *Opposition to the Motion for Summary Judgment* with a declaration, handwritten and signed by his brother, Jason Arnold. Deputy Williams opposes the motion, arguing that a) the declaration "directly contradicts and impeaches Plaintiff's sworn testimony"[18] from his deposition; b) based on that deposition testimony,

---

[13] *Id.*
[14] *See Cook v. Perkins*, 2013 WL 5592805 (M.D. La. Oct. 10, 2013); *Aubin v. Columbia Cas. Co.*, 272 F. Supp. 3d 828 (M.D. La. 2017); *El-Bawab v. Jackson State Univ.*, 2013 WL 3884128 (S.D. Miss. July 26, 2013).
[15] Rec. Doc. No. 54, p. 3.
[16] Although the *Motion* is denied, the Court notes that the presence or absence of the booking records in evidence ultimately has no effect on the summary judgment ruling.
[17] Rec. Doc. No. 49.
[18] Rec. Doc. No. 50, p. 1.
52016

Deputy Williams did not see a need to depose Jason Arnold and so did not do so before the discovery deadline, such that allowing the declaration into evidence now would be prejudicial to him; and c) the deadline for Arnold's opposition to the summary judgment was February 4, 2019, and this motion to supplement was not filed until February 6, 2019.[19] Arnold does aver by way of explanation that Jason Arnold "was out of town and recently located,"[20] so that the declaration was not produced to Plaintiff's counsel until February 6, 2019. Nevertheless, the Court finds all of Deputy Williams' arguments in opposition to be well-founded, and further finds that the contents of the declaration are not material to its ruling on the *Motion for Summary Judgment*. Therefore, Arnold's *Motion to Supplement* shall be denied.

### C. Motion for Summary Judgment[21]

#### 1. Applicable Law

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[23] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[24] If the moving party satisfies its burden, "the non-moving party must show that

---

[19] Rec. Doc. No. 50, pp. 1-4.
[20] Rec. Doc. No. 49, p. 1.
[21] Rec. Doc. No. 44.
[22] Fed. R. Civ. P. 56(a).
[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[24] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).

52016

summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[25] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[26]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[27] All reasonable factual inferences are drawn in favor of the nonmoving party.[28] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[29] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[30]

---

[25] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[26] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[27] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[28] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[29] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[30] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
52016

**2. Analysis**

In its previous *Ruling* on Deputy Williams' *Motion to Dismiss*, this Court declined to dismiss the state law negligence claim, finding that "[b]reach and causation are fact bound determinations inappropriate for resolution at the pleading stage."[31] The Court notes that even under the deferential motion to dismiss standard, Arnold's *Complaint* made out a barely passable negligence claim. Arnold alleged that Deputy Williams was negligent because he "knew or should have known that chasing a man in the dark could result serious personal injury [sic]"[32] and stated that he "seeks relief under La. C. C. arts. 2315 of the Louisiana Civil Code, which injuries were occasioned by the intentional and/or negligent acts and/or omissions of the Defendant(s) herein."[33] The elements of negligence analysis under Louisiana law[34] were not mentioned at all, much less were any facts or law offered to establish them.

Defendants concede that there are disputed factual issues in this case.[35] However, Arnold's pleadings are so inadequate that the Court is not in a position to discern if the factual disputes are material ones. The word "negligence" does not appear in Arnold's *Opposition to the Motion for Summary Judgment*, nor do any of the elements of negligence. Arnold does offer, without citation to evidence or legal authority, the conclusory statement that a "reasonable person would run from an individual posing as

---

[31] Rec. Doc. No. 26, pg. 11.
[32] Rec. Doc. No. 1, p. 8.
[33] Rec. Doc. No. 1, p. 8.
[34] *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 633 ("(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element)").
[35] Rec. Doc. No. 60, p. 1 ("Defendant concedes that there are issues of fact. . .").
52016

an officer."[36] It is not clear to the Court why Arnold repeatedly focuses on the reasonableness of *Arnold's* flight from the officer; the claim is against Deputy Williams and therefore, the relevant issue is the reasonableness of *Deputy Williams'* conduct. Indeed, elsewhere in the *Opposition*, Arnold argues that "Deputy Williams' conduct was unreasonable."[37]

In his *Motion for Summary Judgment*, Deputy Williams notes the well-settled rule that Arnold, as the plaintiff, bears the burden of proving the elements of negligence by a preponderance of the evidence.[38] Furthermore, as the party opposing the summary judgment, Arnold "is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[39] Although there are significant disputed factual issues in this case, Arnold has not made an attempt to articulate how those facts interact with the elements of Louisiana negligence law. The Court declines to labor to infer an argument on Arnold's behalf. The Louisiana Supreme Court has held that "[a] negative answer to any of the elements of the Duty/Risk analysis prompts a no-liability determination."[40] Because Arnold has failed to even *address* the elements of negligence, the Court finds that summary judgment should be granted in favor of Deputy Williams.

---

[36] Rec. Doc. No. 46, p. 9. See also, Rec. Doc. No. 46, p. 9 ("Deputy Williams knew of should have known [sic] that a reasonable person would run if he woke them in the middle of the night and tried to force the individual away from his home").
[37] Rec. Doc. No. 46, p. 4.
[38] Rec. Doc. No. 44-1, p. 5, citing *Miller v. Leonard*, 588 So.2d 79 (La. 1991).
[39] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[40] *Joseph v. Dickerson*, 1999-1046 (La. 1/19/00), 754 So. 2d 912, 916.
52016

## II. CONCLUSION

For the reasons outlined above, the Defendant's *Motion for Summary Judgment*[41] is hereby GRANTED.

Signed in Baton Rouge, Louisiana on <u>June 13, 2019</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[41] Rec. Doc. No. 44.

52016