UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SIDNEY ARNOLD                                               CIVIL ACTION

VERSUS                                                          17-344-SDD-RLB

DEPUTY STEVEN WILLIAMS

## RULING

This matter is before the Court on remand from the United States Court of Appeals for the Fifth Circuit for consideration of qualified immunity on Plaintiff Sidney Arnold's ("Plaintiff" or "Arnold") claim that Defendant, Deputy Steven Williams ("Defendant" or "Deputy Williams"), performed an unreasonable search. For the reasons that follow, the Court finds that Deputy Williams is entitled to qualified immunity on the claim.

This suit arises out of the March 8, 2017 encounter between Deputy Williams and Sidney Arnold at a residence on Ruston Drive in Baker, Louisiana. This Court disposed of all of Plaintiff's claims by dismissal under Federal Rule of Civil Procedure 12(b)(6) or by Rule 56 summary judgment. On appeal, the Fifth Circuit affirmed, with one exception: it found that Plaintiff plausibly alleged an unreasonable search and remanded the suit to this Court to consider qualified immunity as to that claim.[1] On September 26, 2020, the Court ordered Plaintiff to file a *Schultea* brief tailored to the defense of qualified immunity.[2] Plaintiff instead filed an *Amended Complaint*, which drew a *Motion to Strike* from Defendant; the Court determined that Plaintiff's *Opposition* to the *Motion to Strike* could

---

[1] *Id.* at 269.
[2] Rec. Doc. No. 75.

1

be construed as a *Schultea* brief[3] and permitted Defendant to file a *Response*, which he did on February 2, 2021.[4]

A review of the facts as presented by the Fifth Circuit will assist in the inquiry:

Sidney Arnold and his brother lived in a garage apartment attached to a house while they worked for the homeowner. On March 18 [sic], 2017, Arnold awoke around 2:00 AM to discover Deputy Steven Williams, an officer of the East Baton Rouge Parish Sherriff's Office, just outside the garage apartment, standing under the carport. Deputy Williams told Arnold that he saw an open door on the house, and he pointed to the open door. Arnold stepped out of the garage apartment to see where Deputy Williams was pointing. Deputy Williams then asked Arnold for his name and driver's license. Arnold gave his name but told Deputy Williams that he did not have a driver's license. Further, he told the deputy that the open door led to a laundry room but that the house could not be accessed from that laundry room.

Deputy Williams then "told" Arnold to come to his police car so he could determine Arnold's identity. Arnold declined and said, "No, sir, I will wake the lady who owns the home and she will tell you who I am and that I live here and work for her." Arnold then knocked on the homeowner's window. The homeowner emerged and confirmed that both Arnold and his brother lived in the garage apartment. Deputy Williams, however, was not satisfied with the homeowner's word, "and he reached to grab Sidney Arnold and Sidney Arnold ran."

Arnold ran towards the backyard and Deputy Williams gave chase. Arnold attempted to climb a fence, but instead he fell over it and dislocated his shoulder. Arnold was apprehended and taken to the hospital. Arnold was ultimately arrested and jailed for twenty days. All charges, however, were dropped for lack of probable cause.[5]

In *Harlow v. Fitzgerald*, the United States Supreme Court established the principle that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established

---

[3] Rec. Doc. No. 79.
[4] Rec. Doc. No. 80.
[5] *Arnold v. Williams*, 979 F.3d 262, 265 (5th Cir. 2020).

statutory or constitutional rights of which a reasonable person would have known."[6] "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense."[7]

In determining qualified immunity, courts engage in a two-step analysis: (1) was a statutory or constitutional right violated on the facts alleged; and (2) did the defendant's actions violate clearly established statutory or constitutional rights of which a reasonable person would have known.[8] Although nominally an affirmative defense, the plaintiff has the burden to negate the defense once it is properly raised.[9] The plaintiff has the burden to point out clearly established law.[10]

This Court dismissed Plaintiff's unreasonable search claim under 12(b)(6). When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'"[11] The plaintiff must support his claim with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[12]

The first step in the qualified immunity analysis – requiring sufficiently precise allegations of a constitutional violation -- is satisfied in light of the Fifth Circuit's holding that Plaintiff has plausibly alleged a constitutional violation in the form of an unreasonable

---

[6] 457 U.S. 800, 818 (1982).
[7] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*)).
[8] *Tucker v. City of Shreveport*, 998 F.3d 165, 172 (5th Cir.), *cert. denied sub nom. Tucker v. City of Shreveport, Louisiana*, 142 S. Ct. 419 (2021).
[9] *Garza v. Briones,* 943 F.3d 740, 744 (5th Cir. 2019).
[10] *Clarkston v. White*, 943 F.3d 988, 993 (5th Cir. 2019).
[11] *McClendon*, 305 F.3d at 323 (quoting *Behrens v. Pelletier*, 516 U.S. 299 (1996)).
[12] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) (*en banc*).

search.[13] The Fifth Circuit arrived at this conclusion based on the allegations "that Arnold found Williams lingering in an odd part of the curtilage—under the carport—at an odd hour—2:00 a.m—and that Williams immediately asked for identification from Arnold when he emerged."[14] Thus, the sole question before the Court is whether Deputy Williams' alleged actions were objectively unreasonable in light of clearly established law on March 8, 2017. As noted above, the burden at this stage falls upon Plaintiff, who must demonstrate that qualified immunity does not attach to Deputy Williams' actions.

Deputy Williams argues that he reasonably believed the search was lawful, "considering the open door of the home where extra patrol had been requested due to burglaries in the area along with a vehicle parked in the driveway with a switched license plate and keys in the ignition."[15] In his view, "[a] reasonable officer could have believed someone was burglarizing the property, left the keys in the ignition to make a quick escape, and used a switched license plate to avoid being identified."[16] Further, he asserts that "the search was not invasive, and no evidence was obtained."[17] The Court views this last point as a salient one. The minimal intrusion made by Deputy Williams contributes to the overall reasonableness of his conduct.

Plaintiff argues that the exigent circumstances argument related to the keys in the ignition fails because "there is no evidence offered that Deputy Williams reasonably believed he was confronted with an emergency situation or that a delay would result in a loss of evidence."[18]  In support, Plaintiff cites the United States Supreme Court case

---

[13] *Arnold v. Williams*, 979 F.3d 262, 268 (5th Cir. 2020)("We hold that Arnold's complaint plausibly alleges a trespassory search of his home").
[14] *Id.*
[15] Rec. Doc. No. 80, p. 9.
[16] Rec. Doc. No. 80, p. 9.
[17] Rec. Doc. No. 80, p. 9.
[18] Rec. Doc. No. 78, p. 16.

4

*Mitchell v. Wisconsin*, which is of questionable value here. Although *Mitchell* discusses the exigent circumstances exception, it does so in the context of warrantless blood draws of unconscious drivers who are suspected of intoxication, considering along the way issues such as public safety on the interstate, human metabolic processes, and other factors not remotely present in this case. Overall, Plaintiff fails to identify a factually analogous case demonstrating that Deputy Williams' actions were unreasonable in light of clearly established law.[19] The remainder of her *Schultea* brief reviews deposition testimony and generally rehashes the narrative of the events of March 8, 2017. The Fifth Circuit recently held in *Keller v. Fleming* that this narrative approach does not suffice to carry the Plaintiff's burden at this stage:

> Here, Plaintiffs' burden is not met. Plaintiffs' clearly established law contentions in their briefing are in fact a narrative as to why [the] seizure was unreasonable. Plaintiffs' narrative argument is of no import of a pre-existing or precedential case. In turn, there is no binding Supreme Court or Fifth Circuit precedent to anchor our de novo review of whether a similarly situated officer violated a constitutional right acting under similar circumstances. Without setting forth a clearly established right for which the analysis can continue, Plaintiffs have not defeated Deputy Fleming's qualified immunity defense.[20]

After this matter was remanded by the Fifth Circuit specifically for the consideration of qualified immunity on the search, Plaintiff was surely on notice that more was required than one glancingly relevant citation to case law. Because Plaintiff has not identified clearly established law demonstrating that Deputy Williams' actions were unreasonable,

---

[19] Notably, the Fifth Circuit also does not appear to view this case as presenting exigent circumstances. In remanding the matter, the court stated that "Williams's search of the curtilage of Arnold's home was unreasonable insofar as it infringed on Arnold's reasonable expectation of privacy and *exigent circumstances were lacking*."
[20] *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020)(cleaned up).

the Court concludes that Deputy Williams is entitled to qualified immunity. Accordingly, the remaining §1983 claim against him is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 25th day of April, 2022.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**